RECEIVED

JAN 1 4 2011 *MB*

MICHAEL W. DOBBINS
CLERK, U.S. DISTRICT COURT.

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| IRVING RAMEY,<br>Plaintiff, | ) Case No. _____ |
| | ) |
| -VS- | ) JURY TRIAL DEMANDED |
| | ) |
| Warden Anthony Ramos | ) |
| Warden Marcus Hardy | ) **11CV294** |
| Steven Fischman | ) **JUDGE ZAGEL** |
| Jane Doe/Dentist | ) **MAGISTRATE VALDEZ** |
| Christine Luce | ) |
| Loretta Morse | ) |

## CIVIL RIGHTS COMPLAINT

NOW COMES the Plaintiff, Irving Ramey, pro-se, complaining of Defendants, Warden Anthony Ramos, Warden Marcus Hardy, Steven Fischman, Jane Doe/Dentist, Christine Luce, and Loretta Morse for wanton infliction on Plaintiff of Cruel and Unusual Punishment which resulted in a denial of Equal Protection and Due Process of the law.

In support thereof, the plaintiff states as follows:

## INTRODUCTION

1. This action is brought pursuant to 42 U.S.C. Section 1983 to redress the deprivation under color of States Law of Plaintiff's rights as secured by the Eighth and Fourteenth Amendments of the United States Constitution.

2. Specifically, this action is brought by an inmate at the State-ville Correctional Center whom has been subjected to cruel and unusual punishment by the above listed defendants acting jointly and severally.

## JURISDICTION AND VENUE

3. The jurisdiction of the Court is invoked pursuant to the Civil Rights Act, 42 U.S.C. Sec. 1983 et seq; the judicial Code, 28 U.S.C. Sec. 1331, 1367, and 1343(a) the Constitution of the United States; and pendent jurisdiction, as codified in 28 U.S.C. Sec. 1367(a).

Venue is proper under 28 U.S.C. § 1391(b). The events giving rise to the claims asserted herein occurred within this judicial district.

## ADMINISTRATIVE REMEDIES

4. Plaintiff has exhausted all administrative remedies in this matter.

## PARTIES

5. Plaintiff, Irving Ramey, is 44 years old. An African-American man, a citizen of the United States, and is currently incarcerated in the Stateville Correctional Center, P.O.Box 112, Joliet, Il 60434-0112.

6. Defendants, Warden Anthony Ramos, and Warden Marcus Hardy. Ramos is no longer a Warden at Stateville. Warden Hardy is currently employed at Stateville Correctional Center, P.O.Box 112, Joliet, Il 60434-0112. They jointly and severally engaged in the conduct com-plained of in the course and scope of their employment, and are being sued in both their official and individual capacities.

7. Defendant, Steven Fischman (Dentist) is employed at Stateville Correctional Center, P.O.Box 112, Joliet, Il 60434-0112. He jointly and severally engaged in the conduct complained of in the course and scope of his employment, and is being sued in both his official and individual capacity.

8. Defendant, Jane Doe/Dentist is employed at Stateville Correctional Center, P.O.Box 112, Joliet, Il 60434-0112. She jointly and severally engaged in the conduct complained of in the course and scope of her employment, and is being sued in both her official and individual capacity.

9. Defendant, Christine Luce (Dental Assistant) is employed at Stateville Correctional Center. P.O.Box 112, Joliet, Il 60434-0112. She jointly and severally engaged in the conduct complained of in the course and scope of her employment, and is being sued in both her official and individual capacity.

10. Defendant, Loretta Morse (Dental Assistant) is employed at Stateville Correctional Center. P.O.Box 112, Joliet, Il 60434-0112. She jointly and severally ehgaged in the conduct complained of in the course and scope of her employment, and is being sued in both her official and individual capacity

## FACTUAL CLAIMS APPLICABLE TO ALL COUNTS

11. On 3/1/08, plaintiff had received his 2 year dental exam which Stateville does as a policy. That exam was performed by Dentist Steven Fischman. Either that day, or soon thereafter he pulled tooth number 2 from plaintiff's mouth. ( Ex# 9)

12. Over the next year tooth number 31 ( tooth directly below tooth number 2. ) began to grow up and over the other teeth next to it. This growth was rapid and unincumbered due to the empty tooth space that was caused by the removal of tooth number 2 which was directly above it. Between 3/1/08 and 3/8/10 plaintiff had been to the dentist at Stateville many times, as is reflected by the dental records. During these visits x-rays had been taken of plaintiff's teeth by dental assistants Christine Luce, and Loretta Morse, as well as a female dentist who cleaned plaintiff's teeth by scrapping the tartar. (Confirmed by actual x-rays that will be obtained during discovery)

13. During the two year period between 3/1/08 and 3/8/10 plaintiff complained to every person in the dental health unit, but specifically to Christine Luce, Loretta Morse, and a femal Dentist who worked on plaintiff's teeth about how tooth number 31 had begun cutting into the gum of the empty space above it which caused severe pain, and that the tooth itself constantly hurt and needed to be pulled. Each person who saw the tooth cutting into the gum above it, and took x-rays of it said it needed to be pulled and would schedule that extraction, but that extraction did not occur until almost two years later.

14. On May 4, 2009, plaintiff was sent to segregation for a stinger ticket. While in segregation tooth number 31 really began to be painful and had grown to the point where plaintiff could not close his mouth without stabbing and cutting pain. Plaintiff filed an emergency grievance by giving it to F-house counselor Kevin Whittington. There was no response to that grievance. ( Ex# 1)

15. On 8/14/09 plaintiff filed a second grievance about tooth number 31 (although in the grievance it was not refered to as tooth number 31. It was refered to as the tooth cutting into the gum above it) being very painful, cutting into the gum above it and another tooth that was causing pain and he believed had a cavity. The grievance specifically stated it was the second grievance. The response by some unknown person was the word "Duplicate." And the Warden signed off on it using a squiggle as a signature. Plaintiff assumed the word "Duplicate" meant this complaint had already been docketed or addressed. Plaintiff appealed but got no response. ( Ex# 3 and Ex# 1)

16. On 11/24/09, plaintiff filed a third grievance about severe tooth pain of tooth 31, the gum that was being cut into and the other tooth that was causing pain. In that grievance plaintiff pointed out the previously filed grievances and again marked it as an emergency do the the constant daily pain. The counselor responded to the grievance by stating a dental appointment was scheduled for 6/4/10. That would be 7 months after the grievance had been filed. On this same grievance  the Warden signed off stating it was not an emergency and concurring to the future date

4

set for the dental appointment. The Warden marked the grievance a none emergency on 11/30/09. The Counselor's response was given on 12/10/09 stating the future date of the dental appointment. At that point plaintiff's pain was out of control. Plaintiff appealed but got no response. (Ex# 4 and Ex# 1)

17. On 1/16/2010 plaintiff filed a fourth grievance about the same painful teeth. That grievance was not responded to at all. It stated the following: (Ex# 5 hand written copy.)

> " This is my fourth grievance about my teeth, are you people crazy; I can't believe yall are leaving me in all this pain and are refusing to come pull these two teeth or give me something for the constant pain. The first grievance I filed on my teeth was in May 09, while I was in segregation. Counselor Whittington did not respond at all. The second grievance I filed about about this same teeth problem was 8/14/09. The response I got was one word "Duplicate." I don't know what that means but my teeth were in constant pain then and now. The next grievance I filed on my teeth was 11/24/09, the response to that grievance was that they will fix/ work on my teeth 6/4/2010. I can't believe this, are yall serious. I am in constant pain. Any time I try to eat on either side of my mouth pain shoots through my whole mouth. I have a bad tooth on the lower right side of my mouth that needs to be pulled, and a bad tooth on the upper left side of my mouth that needs to be pulled since yall don't save teeth. Any time any food harder than a peanut butter and jelly sandwich touches these two teeth it causes me pain. I can't afford to keep only eating peanut butter and jelly sandwiches. These teeth throb with pain all day. The last time I was in this kind of pain was in the Cook County jail when they pulled the tooth on the upper left side of my mouth. They at least were giving me

Ibuprofen 600 until they pulled the tooth. The pain
had gotten so bad I was popping them evey 15 minutes.
This pain is getting like that. And I don't have any
pain medication. When that dentist pulled the tooth,
he showed me the black stuff around the root of the
tooth. He told me that that was the poision that was
causing the pain. He said that if he had not pulled
the tooth when he did there is the chance that the
poision could have gotten in my blood system and
possibly killed me. I don't know nothing about teeth.
I know I am in pain and need two teeth pulled. If
the rot of these teeth are whats causing me this pain,
the rot is not going to go away by itself. Giving me
a date of 6/4/2010 before you come pull these teeth is
outrageous and displays deliberate indifference and
negligence especially since you can look at year old
x-rays and see that one of these teeth have been in
this condition for more than a year. The other tooth
that I complained about in my last grievance is one
that I thought had a cavity, but the whole tooth is
loose and is causing so much pain that I feel pain all
behind my left eye ball. We are on level one lockdown
right now for reasons unrelated to me. Still, they are
running visits and also today they took Smith(inmate)
out of cell B-426 over to the health Care Unit. If they
took him over there on level one, they can take me over
there to pull my teeth. I would rather save these teeth
if possible."

18. Plaintiff received no response from the above quoted Fourth
grievance. However, the <u>dental chart records</u> that the fourth grie-
vance was filed 1/16/10. THe chart makes specific mention of the
grievance; however, the chart exhibits some tampering with, where
the date has been changed and whatever date was originally written
first is now written on top of (changed). The notes indicate its
about tooth number 31. ( Ex# 5) and Ex# 9)

6

19. When plaintiff did not receive a response from the fourth grievance he talked with the Counselor about the problem in person; asking her why they are leaving him in so much pain and won't call him over to pull the tooth. Counselor K. Rabideau said the reason she did not respond to the fourth grievance concerning dental care was because they (counselors) were told by the Warden not to respond to dental grievances. (Ex# 2)

20. On 3/8/2010, plaintiff was called over to the Health Care Unit. Dr. Fischman was the dentist who called plaintiff over due to the fourth grievance, he said. Plaintiff complained about both teeth and that they were both causing so much pain that he wanted them both pulled. Dr. Fischman told plaintiff to choose one to be pulled, that he don't have time to pull both. Plaintiff chose tooth number 31 anthough the x-rays revealed that both needed pulling.

21. No response was given to any of the grievances plaintiff appealed excepts the fifth grievance. No response was given by the ARB in Springfield to any of the grievances except the fifth grievance. This is because the Warden had specifically told his staff not to answer any dental grievances. (Ex# 6, 7, and 8)

22. Plaintiff was in continuous and escalating pain from two bad teeth from 8/14/09 until one was pulled on 3/8/10. During each visit to the dental unit plaintiff complained to everyone there and showed them the tooth cutting into the gum above it.

23. On 1/9/10, and 1/21/10, cell house Officers called down several inmates to see dentist and dental assistants within cell house-B, where plaintiff was housed,to see inmates about dental problems. They did not call plaintiff down to see these professionals although plaintiff had filed his fourth grievance about tooth number 31 on 1/16/10.

24. On 3/8/10 Plaintiff was brought to the Dentist side of the Health Care Unit. Dental assistant Loretta Morse took several x-rays of plaintiff's mouth, then began to lay out dental equipment for Dr. Fischman.

25. Dentist Fischman called plaintiff's tooth (number 31) extremely erupted. He gave plaintiff three shots in the gum around tooth 31. Plaintiff then waited almost 30 minutes before the Dentist began pulling the tooth. Plaintiff's whole right side of his face was numb, and part of his throat was numb as well which made it very difficult to swallow before the procedure started. (Ex# 6)

26. Dentist Fischman put some sort of bridge in plaintiff's mouth to hold it open during the procedure, and also put some sort of suction device in plaintiff's mouth to drain the blood and saliva. It was not working because it had the wrong size nozzle on it. Still dentist Fischman began cracking and twisting the tooth. This caused my mouth to rapidly fill with blood and saliva. (Ex# 6)

27. Dentist Fischman was telling assistant Loretta Morse that she had given him the wrong size nozzle and that it wasn't draing the blood. She attempted to change the nozzle but each nozzle was the wrong size; mean while plaintiff couldn't breath and was choking on his own blood. Loretta Morse told Dr. Fischman that she had ordered the right supplies but they had sent her the wrong supplies. (Ex# 6)

28. Fischman told Loretta to forget it (plaintiff assumed that he meant for her to stop trying to keep putting on nozzles that were the wrong size); plaintiff gaged and choked on his own blood for almost a minute or more while Fischman cracked and twisted on the tooth. The tooth came out and Fischman pulled the bridge out of plintiff's mouth. Plaintiff had a choking and drowning feeling during the episode. But before plaintiff could swallow or breath for the first time since the procedure started, Fischmen chipped and dug into the tooth crater clearing broken pieces of tooth which plaintiff ended up swallowing along with the blood once he could swallow and breath. These fragments normally would have been taken away through a properly functioning suction device. Instead plaintiff's throat was cut bu swallowing these fragments.

## PRIOR LAW SUITS

29 ■. Plaintiff has only lost two prior law suits. I can't remember when they were filed and denied. They were filed in Federal Court I believe both were filed before Judge Zagel in 1998. One of the parties was Cook County Board of Commissioners. The suit was about failure to properly medicate. I can't remember what the other one was about or what the case number was. They were dismissed because I didn't know how to respond to the motion to dismiss.

30 ■. Plaintiff now has two seperate suits pending before Judge Zagel. (1) A Conditions suit against Stateville C.C. under case No. 10 C 1798, and a cell fire suit against Stateville C.C. under case No. 10 C 2265. In forma pauperis was granted in both cases. Plaintiff's money situation is the same in this case and plaintiff request of this Court to grant In forma pauperis status in this case.

## COUNT 1

### DEFENDANT WARDEN ANTHONY RAMOS
### AND
### DEFENDANT WARDEN MARCUS HARDY

**Plaintif was subjected to Cruel and Unusual Punishment in violation of the Eighth Amendment to the Constitution.**

31. Plaintiff incorporates paragraphs 1 through 30 into this Count as though they were stated fully herein.

The Eighth Amendment to the United States Constitution protects Plaintiff against Cruel and Unusual Punishment by State government officials acting under color of law.

32. Plaintiff was denied Due Process under the Fourteenth Amendment to the Constitution. The Fourteenth Amendment to the United States Constitution guarantees Plaintiff's right to Due Process and Equal Protection of the law.

33. The below named defendants in this Count, and every other Defendant named in every Count hereafter, violated Plaintiff's Eighth and Fourteenth Amendment rights in the manner hereinafter stated:

34. Defendant, Warden Anthony Ramos' conduct was deliberately indifferent toward plaintiff in the following ways:

35. Dental care is one of the most important needs of inmates, Defendant, Warden Anthony Ramos was subjectively aware of plaintiff's serious dental needs and disregarded an excessive risk that a lack of treatment posed to plaintiff's health and safety. This violated civilized standards of human decency and inevitably lead to a wanton and deliberate infliction of pain through inaction when defendant Ramos had the power and authority to order the required dental treatment but refused to do so.

10

36. Dental records detailed notes from a dentist mandating that tooth number 31 be pulled were clear and obvious to any of the defendants who cared to check. That the tooth was cutting into the upper gum of the jaw above it was so obvious that even a lay person could easily recognize the necessity for a dentist's attention.

37. Defendant, Warden Anthony Ramos had actual knowledge through the grievance procedure of the constant pain that was easily preventable, yet Ramos displayed a conscious, culpable refusal to prevent the harm and pain. This defendant had the authority to send plaintiff to the dental section of the health care unit; failure to have done so after reading the detailed plea in the numerous grievances filed, shows this defendant possesed the requisite personal involvement for liability under § 1983.

38. Defendant Ramos was made aware of this serious medical need through grievances filed by plaintiff. Each time this defendant determined it was not a emergency, this constituted a denial of help. These denials constituted punishment which were sufficiently serious. Defendant's refusal was something approaching a total un-concern for plaintiff's welfare in the face of serious risk; while acting under color of law in his individual capacity. Defendant's refusal to help plaintiff was barbaric and wantonly designed to exacerbate the severe pain and unnecessary punishment without suficient provocation. This subjected plaintiff to cruel and unusual punishment in violation of the Eighth Amendment.

39. Defendant Ramos' failure to have responded to plaintiff's grievances immediately constituted delay that exacerbated the injury and unnecessarily prolonged plaintiff's pain, this was a "gratuitous cruelty" forbidden by the Eighth Amendment.

//

40. Defendant Ramos' failure to have the teeth pulled and to give plaintiff pain medication until the tooth was pulled, when it was within his scope and authority to do so, served no legitimate penal goal and displayed deliberate indifference to plaintiff's health.

The direct and proximate result was that plaintiff was left in constant and severe pain for more than a year which constituted gratuitous cruelty. Filing a grievance about dental pain is a general plea for help from any and all of Statevilles' dentist. They all refused to help plaintiff.

41. Defendant Anthony Ramos intended that plaintiff under go prolonged and severe pain by deeming plaintiff's dental grievance non-emergency and instructing the counselors not to answer dental grivences. As such, this defendant is directly responsible for plaintiff's continued pain when he actively hindered plaintiff from receiving treatment; while acting under color of law in his individual capacity.

WHEREFORE, Plaintiff demands judgment against Anthony Ramos for substantial punitive and compensatory damages in the amount in excess of ten thousand dollars. $10,000.00.

## DEFENDANT WARDEN MARCUS HARDY

42. Defendant Warden Marcus Hardy's conduct was deliberately indifferent toward plaintiff in the following ways:

43. Dental care is one of the most important needs of inmates, Defendant Marcus Hardy was subjectively aware of plaintiff's serious dental needs and disregarded an excessive risk that a lack of treatment posed to plaintiff's health and safety. This violated civilized standards of human decency and inevitably lead to a wanton and deliberate infliction of pain through inaction when defendant Hardy had the power and authority to order the required dental treatment but refused to do so.

44. Dental records detailed notes from a dentist mandating that tooth number 31 be pulled were clear and obvious to any of the defendants who cared to check. That the tooth was cutting into the upper gum of the jaw above it was so obvious that even a lay person could easily recognize the necessity for a dentist's attention.

45. Defendant Warden Marcus Hardy had actual knowledge through the grievance procedure of the constant pain that was easily preventable, yet Hardy displayed a conscious, culpable refusal to prevent the harm and pain. This defendant had the authority to send plaintiff to the dental section of the health care unit; failure to have done so after reading the detailed plea in the numerous grievances filed, shows this defendant possesed the requisite personal involvement for liability under § 1983.

46. Defendant Hardy was made aware of this serious medical need through grievances filed by plaintiff. Each time this defendant determined it was not an emergency, this constituted a denial of help. These denials constituted punishment which were sufficiently serious. Defendant's refusal was something approaching a total un-concern for plaintiff's welfare in the face of serious risk; while acting under color of law in his individual capacity. Defendant's refusal to help plaintiff was barbaric and wantonly designed to exacerbate the severe pain and innecessary punishment without sufficient provocation. This subjected plaintiff to cruel and unusual punishment in violation of the Eighth Amendment.

47. Defendant Hardy's failure to have responded to plaintiff's grievances immediately constituted delay that exacerbated the injury and unnecessarily prolonged plaintiff's pain, this was a "gratuitous cruelty" forbidden by the Eighth Amendment.

13

48. Defendant Hardy's failure to have the teeth pulled and to give plaintiff pain medication until the tooth was pulled, when it was within his scope and authority to do so, served no legitimate penal goal and displayed deliberate indifference to plaintiff's health and safety. The direct and proximate result was that plaintiff was left in constant and severe pain for more than a year which constited gratuitous cruelty. Filing a grievance about dental pain is a general plea for help from any and all of Statevilles' dentist. They all refused to help plaintiff.

49. Defendant Marcus Hardy intended that plaintiff under go prolonged and severe pain by deeming plaintiff's dental grievance non-emergency and instructing the counselors not to answer dental grievances. As such, this defendant is directly responsible for plaintiff's continued pain when he actively hindered plaintiff from receiving treatment; while acting under color of law in his individual capacity.

WHEREFORE, Plaintiff demands judgment against Marcus Hardy for substantial punitive and compensatory damages in the amount in excess of ten thousand dollars. $10,000.00.

## COUNT 2

## DEFENDANT STEVEN FISCHMAN (DENTIST)

50 ■. Plaintiff incorporates paragraphs 1 through ■ into this Count as though they were stated fully herein.

51 ■. The below named Defendant in this Count, and every other Defendant named in every Count hereafter, violated Plaintiff's Eighth and Fourteenth Amendment rights in the manner herein after stated:

52 ■. Defendant Steven Fischman's conduct was deliberately indifferent toward plaintiff in the following ways:

53 ■. Dental care is one of the most important needs of inmates, Defendant, Steven Fischman, was subjectively aware of plaintiff's serious dental needs and disregarded an excessive risk that a lack of treatment posed to plaintiff's health and safety. This violated civilized standards of human decency and inevitably lead to a wanton and deliberate infliction of pain through inaction when defendant had the power and authority to order the required dental treatment but refused to do so.

54 ■. Dental records detailed notes from a dentist mandating that tooth number 31 be pulled were clear and obvious to any of the defendants who cared to check. That the tooth was cutting into the upper gum of the jaw above it was so obvious that even a lay person could easily recognize the necessity for a dentist's attention.

55 ■. Defendant Steven Fischman had actual knowledge through the grievance procedure of the constant pain that was easily preventable, yet defendant displayed a conscious, culpable refusal to prevent the harm and pain. This defendant had the authority to bring plaintiff to the dental section of the heqlth carte unit; failure to have done so after reading the detailed plea in the numerous grievances filed, shows this defendant possesed the requisite personal involvement for liability under § 1983.

56 ■. Defendant Steven Fischman was made aware of this serious medical need through the dental records that documented tht at least two grievances were filed about serious dental pain. The denial to treat plaintiff after being aware of these facts constituted punishment which was sufficiently serious. Defendant's refusal to treat plaintiff was something approaching a total unconcern for plaintiff's welfare in the face of serious risk; while acting under color of law in his individual capacity. Defendant's refusal to help plaintiff was barbaric and wantonly designed to excerbate the severe pain and unnecessary punishment without sufficient provocation. This subjeted plaintiff to cruel and unusual punishment in violation of the Eighth Amendment.

57 ■. Defendant Steven Fischman's failure to have responded to plaintiff's four grievances immediately constitutesdelay that exacerbated the injury and unnecessarily prolonged plaintiff's pain, this was a "gratuitous cruelty" forbidden by the Eighth Amendment.

58 ■. Defendant Steven Fischman's failure to have the teeth pulled and to give plaintiff pain medication until the tooth was pulled, when it was within his scope and authority to do so, served no legitimate penal goal and displayed deliberate indifference to plaintiff's health and safety. The direct and proximate result was that plaintiff was left in constant and severe pain for more than a year which constituted gratuitous cruelty. Filing a grievance about dental pain is a general plea for help from any and all of Statevilles dentist. They all refused to help plaintiff.

59 ■. Defendant Steven Fischman intended that plaintiff under go prolonged severe pain by altering the date on the dental chart as to when they received notice of the grievance filed 1/16/09. As such, this defendant is directly responsible for plaintiff's continued pain. This act of altering the chart actually hindered plaintiff from receiving treatment; while acting under color of law in his individual capacity.

60. Defendant Fischman began a tooth extraction procedure knowing that he did not have the proper nozzles for the suction device. Rather than delaying the procedure until he could obtain the right equipment, he ignored professional norms and intentionally engaged in an extraction method that constituted malicious malprqctice and wantonly caused plaintiff to gag and choke on his own blood for a minute or more while observing that plaintiff could not breath.

61. This conduct and procedure endangered plaintiff's health and safety and caused plaintiff to be forced to swallow broken fragments of tooth that normally would have been taken away through the suction device. Swallowing these fragments injured plaintiff's throat. A dentist of similar or the same education and background would testify that this conduct ignored professional safe guards and constituted malpractice. Further, doctor Fischman forced plaintiff to choose which tooth to pull that day because he would only pull one. This constituted cruel and unusual punishment while he was acting under the color of law in his individual capacity in violation of the Eighth and Fourteenth Amendments of the United States Constitution.

WHEREFORE, plaintiff demands judgment against Steven Fischman for substantial punitive and compensatory damages in the amount in excess of ten thousand dollars. $10,000.00.

### COUNT 3
### DEFENDANT JANE DOE (DENTIST)

62. Plaintiff incorporates paragraphs 1 through 61 into this Count as though they were stated fully herein.

63. The below named Defendant in this Count, and every other Defendant named in every Count hereinafter, violated Plaintiff's Eighth and Fourteenth Amendment rights in the manner herein after stated:

64. Defendant Jane Doe (Dentist) conduct was deliberately indifferent toward plaintiff in the following ways:

65. Dental care is one of the most important needs of inmates, Defendant, Jane Doe (Dentist), was subjectively aware of plaintiff's serious dental needs and disregarded an excessive risk that a lack of treatment posed to plaintiff's health and safety. This violated civilized standards of human decency and inevitably lead to a wanton and deliberate infliction of pain through inaction when defendant had the power and authority to order the required dental treatment but refused to do so.

66. Dental records detailed notes from a dentist mandating that tooth number 31 be pulled were clear and obvious to any of the defendants who cared to check. That the tooth was cutting into the upper gum of the jaw above it was so obvious that even a lay person could easily recognize the necessity for a dentist's attention.

67. Defendant Jane Doe(Dentist) had actual knowledge of tooth number 31 when she personally took a x-ray of it prior to a scheduled tooth cleaning which she performed. She commented that it needed to be pulled after plaintiff asked her to pull it because it was so painful. She refused saying she was only there to do a teeth cleaning. Failure to pull it or schedule an extraction displayed a conscious, culpable refusal to prenevent the harm and pain. This defendant had the authority to bring plaintiff to the dental section of the health care unit;

failure to have done so after x-raying the extremely erupted tooth, shows this defendant possesed the requisite personal involvement for liability under § 1983.

68 ▪. Defendant Jane Doe's denial to treat plaintiff after being aware of these facts constituted punishment which was sufficiently serious. Defendant's refusal to treat plaintiff was something approaching a total unconcern for plaintiff's welfare in the face of serious risk; while acting under color of law in her individual capacity. Defendant's refusal to help plaintiff was barbaric and wantonly designed to excerbate the severe pain and unnecessary punishment without sufficient provocation. This subjected plaintiff to cruel and unusual punishment in violation of the Eighth Amendment.

▪.

69 Defendant Jane Doe's failure to have responded to plaintiff's verbal pleas to pull the tooth instead of a teeth cleaning constitutes delay that exacerbated the injury and unnecessarily prolonged plaintiff's pain, this was a "gratuitous cruelty" forbidden by the Eighth Amendment.

70 ▪. Defendant Jane Doe's failure to have the teeth pulled and to give plaintiff pain medication until the tooth was pulled, when it was within her scope and authority to do so, served no legitimate penal goal and displayed deliberate indifference to plaintiff's health and safety. The direct and proximate result was that plaintiff was left in constant and severe pain for more than a year which constituted gratuitous cruelty.

WHEREFORE, plaintiff demands judgment against Jand Doe(Dentist) for substantial punitive and compensatory damages in the amount in excess of ten thousand dollars. $10,000.00.

## COUNT 4

### DEFENDANT CHRISTINE LUCE

71. Plaintiff incorporates paragraphs 1 through 70 into this Count as though they were stated fully herein.

72. The below named Defendant in this Count, and every other Defendant named in every Count hereinafter, violated Plaintiff's Eighth and Fourteenth Amendment rights in the manner hereinafter stated:

73. Defendant, Christine Luce's conduct was deliberately indifferent toward plaintiff in the following ways:

74. Dental care is one of the most important needs of inmates, Defendant, Christine Luce, was subjectively aware of plaintiff's serious dental needs and disregarded an excessive risk that a lack of treatment posed to plaintiff's health and safety. This violated civilized standards of human decency and inevitably lead to a wanton and deliberate infliction of pain through inaction when defendant had the power and authority to schedule the required dental treatment but refused to do so.

75. The dental records that detailed notes from a dentist mandating that tooth number 31 be pulled were clear and obvious to any of the defendants who cared to check. That the tooth was cutting into the upper gum of the jaw above it was so obvious that even a lay person could easily recognize the necessity for a dentist's attention.

76. Defendant Christine Luce had actual knowledge of tooth number 31 when she personally took a x-ray of it sometime between 3/1/08 and 3/8/10. Plaintiff asked her to schedule for it to be pulled which she said she would do, but did not. Failure to address this problem with the attending dentist or schedule an extraction displayed a conscious, culpable refusal to prevent the harm and pain. This defendant's failure to set a date for extraction after x-raying the extremely erupted tooth, shows this defendant possesed the requisite personal involvement for liability under § 1983.

77 ■. Defendant, Christine Luce's denial to seek treatment for plaintiff after being aware of these facts constituted punishment which was sufficiently serious. Defendant's refusal to seek treatment for plaintiff was something approaching a total unconcern for plaintiff's welfare in the face of serious risk; while acting under color of law in her individual capacity. Defendant's refusal to help plaintiff was barbaric and wantonly designed to excerbate the severe pain and unnecessary punishment without sufficient provocation. This subjected plaintiff to cruel and unusual punishment in violaqtion of the Eighth Amendment.

78 ■. Defendant Christine Luce's failure to have responded to plaintiff's verbal pleas to promptly schedule the tooth extraction constituted delay that exacerbated the injury and unnecessarily prolonged plaintiff's pain, this was a "gratuitous cruelty" forbidden by the Eighth Amendment.

79 ■. Defendant, Christine Luce's failure to advocate for the tooth extraction from a licensed dentist, or recommend pain medication until the tooth was pulled, when it was within her scope and authority to have done so, served no legitimate penal goal and displayed deliberate indifference to plaintiff's health and safety. The direct and proximate result was that plaintiff was left in constant and severe pain for more than a year which constituted gratuious cruelty.

WHEREFORE, plaintiff demands judgment against Christine Luce for substantial punitive and compensatory damages in the amount in excess of ten thousand dollars. $10,000.00.

## COUNT 5

### DEFENDANT LORETTA MORSE

80 ■. Plaintiff incorporates paragraphs 1 through ■ 79 into this Count as though they were stated fully herein.

81 ■. The below named Defendant in this Count violated Plaintiff's Eighth and Fourteenth Amendment rights in the manner hereinafter stated:

82 ■. Defendant, Loretta Morse's conduct was deliberately indifferent toward plaintiff in the following ways:

83 ■. Dental care is one of the most important needs of inmates, Defendant, Loretta Morse, was subjectively aware of plaintiff's serious dental needs and disregarded an excessive risk that a lack of treatment posed to plaintiff's health and safety. This violated civilized standards of human decency and inevitably lead to a wanton and deliberate infliction of pain through inaction when defendant had the power and authority to schedule the required dental treatment but refused to do so.

84 ■. The dental records that detailed notes from a dentist mandating that tooth number 31 be pulled were clear and obvious to any of the defendants who cared to check. That the tooth was cutting into the upper gum of the jaw above it was so obvious that even a lay person could easily recognize the necessity for a dentist's attention.

85 ■. Defendant Loretta Morse had actual knowledge of tooth number 31 when she personally took a x-ray of it sometime between 3/1/08 and 3/8/10. Plaintiff asked her to schedule for it to be pulled which she said she would do, but did not. Failure to address this problem with the attending dentist or schedule an extraction displayed a conscious, culpable refusal to prevent the harm and pain. This defendant's failure to set a date for extraction after x-raying the extremely erupted tooth, shows this defendant possesed the requisite personal involvement for liability under § 1983.

86 ▪. Defendant, Loretta Morse's denial to seek treatment for plaintiff after being aware of these facts constituted punishment which was sufficiently serious. Defendant's refusal to seek treatment for plaintiff was something approaching a total unconcern for plaintiff's welfare in the face of serious risk; while acting under color of law in her individual capacity. Defendant's refusal to help plaintiff was barbaric and wantonly designed to excerbate the severe pain and unnecessary punishment without sufficient provocation. This subjected plaintiff to cruel and unusual punishment in violation of the Eighth Amendment.

87 ▪. Defendant Loretta Morse's failure to have responded to plaintiff's verbal pleas to promptly schedule the tooth extraction constituted delay that exacerbated the injury and unnecessarily prolonged plaintiff's pain, this was a "gratuitous cruelty" forbidden by the Eighth Amendment.

88 ▪. Defendant, Loretta Morse's failure to advocate for the tooth extraction from a licensed dentist, or recommend pain medication until the tooth was pulled, when it was within her scope and authority to have done so, served no legitimate penal goal and displayed deliberate indifference to plaintiff's health and safety. The direct and proximate result was that plaintiff was left in constant and severe pain for more than a year which constituted gratuitous cruelty.

WHEREFORE, plaintiff demands judgment against Loretta Morse for substantial punitive and compensatory damages in the amount in excess of ten thousand dollaqrs. $10,000.00.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully prays that this Court:

A. Declare that the acts and omissions described herein violated Plaintiff's rights under the Constitution and laws of the United States;

B. Order Defendants to pay compensatory and punitive damages in excess of $10,000.00 each.

C. Order Defendants to pay reasonable attorney fees and cost; and

D. Grant other just and equitable relief that this **Honor**able Court deems necessary.

Pursuant to 28 U.S.C. § 1746, I declare and verify under penalty of perjury under the laws of the United States of America that the foregoing is true and correct. Executed on ___1/3/___ 2011.

_____
Irving Ramey, Plaintiff

EX #1

## STATEVILLE CORRECTIONAL CENTER

### FROM THE DESK OF.....................

### KAREN RABIDEAU CCII
**********************
### BRAVO COUNSELOR
**********************

DATE: 11-25-09

TO: Irving B-411

SUBJECT: Grievance response



Hi Irv —

Yes, I did speak with Ms. Thompson on more than one occasion about the Unit F grievance that Mr. Whittington answered. I even pulled it from your file in the Grievance Office and gave it to Ms. Thompson and let her know you never got an answer. That is the extent of what I can do as I am not the Grievance Officer, nor can I force her to answer it at my convenience.

KR

EX#1

# STATEVILLE CORRECTIONAL CENTER

FROM THE DESK OF........................

### KAREN RABIDEAU CCII
\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*
### BRAVO COUNSELOR
\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

DATE: 1-3 2010

TO: Irv      R411

SUBJECT: _____



Hi Irv—

Heres your 6 mo. audit. I sent the grievance copy to you late last week on your dental issue. And yes, I still need to see you about that other long grievance— Mr. Whittington didn't answer anything but one of the 14 issues. I will talk to you about it this week.

KR

*EX # 1*



**Illinois
Department of
Corrections**

**Pat Quinn**
Governor

**Michael P. Randle**
Director

Stateville Correctional Center
Route 53, P.O. Box 112
Joliet, IL 60434

Telephone: (815) 727 -3607
TDD: (800) 526-0844

# M E M O R A N D U M

DATE:     May 16, 2010

TO:        B00694 Irving Ramey

FROM:    K. Rabideau, CC2 *Y.R.*

SUBJECT:    Grievance inquiry

This is in response to your letter you mailed me asking about the status of a few grievances.

Yes, I did turn in the original grievances to Ms. Thompson and just sent you a copy, which is what I always do. Yes, I also did turn in the Super Bowl Sunday grievance to the Grievance Office as well. As for you getting your answer from the Grievance Office, I have no control over that at all. All grievances will be answered, but Ms. Thompson has been in the office by herself for awhile now and with the volume of grievances that are turned in to that office every single day, she is keeping up the best she can. Once I turn in the grievance, I don't see it again, you will get the answer, I won't.

The grievance you are inquiring about regarding the numerous issues that Counselor Whittington answered was given back to Ms. Thompson due to the fact that there were so many issues not addressed, and should be answered by the counselor who started to answer it. I spoke with you about this, and when you ask if you will get a response, yes you should but I am not the counselor that will be answering it. I also spoke with my supervisor at that time, Stan Waznis, who was present when I gave that grievance back to Ms. Thompson.

I trust this answers all of your questions.

# STATEVILLE CORRECTIONAL CENTER

### FROM THE DESK OF.....................

EX# 1

## KAREN RABIDEAU CCII
*********************
## BRAVO COUNSELOR
********************



DATE: 1-21-2012

TO: Irv        411

SUBJECT: Copies

Hi Irv —
Hey, I already did send this grievance
to Griev. Office — I always just send original
directly to them and send my guys a copy —
I made a copie extra — and turned in the
new one too.
(KR)







## STATEVILLE CORRECTIONAL CENTER

EX#2

### FROM THE DESK OF...................

### KAREN RABIDEAU CCII
*******************
### BRAVO COUNSELOR
*******************

DATE: 3-30-10
TO: Inv          B4 11
SUBJECT: Grievances



Hi Inv —

Yes I was given the dental grievance back by Grievance officers because they were directed by warden to not accept grievances answers of dates scheduled in the future that offenders will be seen. In case something happens that you will not be seen on that date. Us counselors now cannot answer until you have actually been seen.

KR

* I returned that other grievance to Ms Thompson to give back to counselor Wittington to answer the rest of the issues — And I did copy that grievance for you and sent it to you as well. *





ILLINOIS DEPARTMENT OF CORRECTIONS
**COMMITTED PERSON'S GRIEVANCE**

| Date: 8/14/09 | Committed Person: (Please Print) Irving Ramey | ID#: B00964 |
|---|---|---|
| Present Facility: | Facility where grievance issue occurred: | |

**NATURE OF GRIEVANCE:**

☑ Personal Property    ☐ Mail Handling    ☐ Restoration of Good Time    ☐ Disability
☐ Staff Conduct    ☐ Dietary    ☐ Medical Treatment    ☐ Other (specify): Property
☐ Transfer Denial by Facility    ☐ Transfer Denial by Transfer Coordinator

☐ Disciplinary Report: ____/____/____
             Date of Report                     Facility where issued

**Note:** Protective Custody Denials may be grieved immediately via the local administration on the protective custody status notification.

Complete: Attach a copy of any pertinent document (such as a Disciplinary Report, Shakedown Record, etc.) and send to:
     **Counselor,** unless the issue involves discipline, is deemed an emergency, or is subject to direct review by the Administrative Review Board.
     **Grievance Officer,** only if the issue involves discipline at the present facility or issue not resolved by Counselor.
     **Chief Administrative Officer,** only if EMERGENCY grievance.
     **Administrative Review Board,** only if the issue involves transfer denial by the Transfer Coordinator, protective custody, involuntary administration of psychotropic drugs, issues from another facility except personal property issues, or issues not resolved by the Chief Administrative Officer.

**Brief Summary of Grievance:** This is the second grievance that I am filing about my teeth. The first one was given to ~~to~~ counselor Kevin Whittington, he did not respond to it. About 2 years ago, a dentist at this institution removed a tooth from the upper right side of my mouth (second to last tooth) Once this tooth was removed, the tooth directly below it (Lower Right side of my mouth) began to grow up and rise up into the empty space above it. The raising up of the tooth has continued for about two years. This could clearly be seen in the many X-rays that have been taken of my teeth
                               (CONTINUES ON EXTRA pages Attached)

**Relief Requested:** ① bring me to the dentist immediately to fill the
                          (Continued on NEXT page)

☑ **Check only if this is an EMERGENCY** grievance due to a substantial risk of imminent personal injury or other serious or irreparable harm to self.

| Irving Ramey | B00964 | 8, 14, 09 |
|---|---|---|
| Committed Person's Signature | ID# | Date |

(Continue on reverse side if necessary)

---

**Counselor's Response (if applicable)**

Date Received: ____/____/____    ☐ Send directly to Grievance Officer    ☐ Outside jurisdiction of this facility. Send to Administrative Review Board, P.O. Box 19277, Springfield, IL 62794-9277

Response: Duplicate

| Print Counselor's Name | Counselor's Signature | Date of Response |
|---|---|---|

---

**EMERGENCY REVIEW**

Date Received: 8, 14, 09

Is this determined to be of an emergency nature?
☐ Yes; expedite emergency grievance
☑ No; an emergency is not substantiated. Committed person should submit this grievance in the normal manner.

| Chief Administrative Officer's Signature | | 8, 14, 09 |
|---|---|---|
| | | Date |

Printed on Recycled Paper          (Replaces DC 5657)

EX#3

1. Now the tooth has moved up cutting into the gum above it. I was told about a year ago by them (dentist people taking x-rays) that the tooth needed to be pulled, and would be pulled; but has not been pulled yet. Also, another tooth in my mouth has a cavity that needs to be filled. It hurts every time anything cold or hot goes in my mouth.

2. I came to Segregation May 4th, 09. I was released from Segregation August 4, 09. During all my time in Seg, I was no sent anything from my property boxes. On Tuesday August 4, 09, I was taken to personal property to get all my property. The following items were either stolen from my boxes, or never put into my boxes in the first place by the worker who packed my box:

1. All my food from store (I had just gone to the store 3 days before and I have the receipt

2. 4 size 18×24 canvas pads (having 10 sheets each) that I had bought and stored in my box back when art supplies were first put on the slip under Warden Briley.

3. 4 canvas tubes (roll up canvas sized 24×36 sold in tubes back when Briley was Warden.

2 of 4

TURN OVER ⟶

5. Radio cord for my big black radio bought from here in 1998.

6. 2 pair of glasses (near sighted pair and far sighted pair)

I have the receipt for the commissary food that is missing. But, I don't have with me the receipts for the 18x2' canvas pads, or the canvas sold in tubes. You can check with commissary for a back list of the items that I have bought and see that I did purchase these ~~the~~ items long ago. I had been storing them since then. The same is true for the two clear clamp on lamps. I don't have the receipts but commissary should have copies of back list that show the purchase of these lamps. Both myself and my then cellie Jackson were <u>both</u> taken to seg at the same time on May 4, 09. We were not allowed to pack our property before being taken to seg. There was no inventory slip made of my property <u>before</u> it left C-house. There was no inventory slip made of my property once it was placed in personal property. I was not asked to sign, nor did I receive a copy of the inventory slip of my property by any officer. This failure to follow the rules regarding the cataloging and inventory of property has resulted in the inmate who packed my box stealing the items listed herein. At personal property I was rushed into

ex#3

signing some paper about my property. But I was not given the time to thoroughly search my property and claim the missing items then. Besides, that does not change the fact that no inventory slip exist concerning my property. And that personal property was not ~~stop~~ supposed to except my property boxes without first receiving a Inventory slip signed by an officer. I am not claiming to be missing paint, brushes, head phones, T.V., Radio, Walkman, trimmers or other valuable items that I could claim under the circumstances. I only want what was taken from me I want the actual items or replacements.

3. Give me the name of the inmate who packed my box and the officer who was responsible for signing the inventory slip. If I had been sent a copy of the inventory slip I could have filed this grievance sooner. But I did not know that the items were missing from my property until now (after getting property August 4th) This grievance is being filed within 30 days of getting my property from Personal Property.

4. Why was I not sent a copy of inventory slip?

5. Why did personal property except my property without it being accompanied by an inventory slip?

3 of 4

(5)

## Relief Requested

1. Fill the cavity in my mouth and pull the tooth that has raised up and is cutting into the gum above it.

2. Fire the worker who packed my box and stole items out of it. Unless he returns all my canvas. And lamps and glasses.

3. Replace all food that's missing with commissary. The items costed $58.01 (I have the reciept from May 1, 09)

4. Replace canvas pads (size 18 x 24, 10 sheet pads) with new canvas pads or place the value of each pad on my trust fund account.

5. Replace each canvas tube, (Roll up canvas sized 24x36) No longer sold here with the same canvas tubes, or place the value of each tube on my trust fund account.

6. Give me two new clear clamp on lamps from commissary. And allow me to see the eye doctor to get back both pair of glasses

4 of 4

TURN OVER →

150

7. Give me a radio cord from personal property so I can play my radio. They confiscate black radios all the time that they hold until they destroy it. Give me the plug cord of a radio that has been designated to be destroyed.

8. I transferred here from Pontiac in 1998. At that time I had 10 canvas pads (I have a copy of my transfer slip to prove this) Since that time I have bought canvas pads here and used them. So, the canvas pads that are missing, I don't know if its the canvas pads that I bought from this commissary or the canvas pads that I brought with me when I transferred here from Pontiac. At this time we are allowed to buy and have oil paint art supplies (oil paint, paint brushes and canvas). Oil paint canvas is not on our commissary list at this time, but according to Warden Reed, it will be placed back on. I have an alternative suggestion that I prefer above any other requested relief. Which is this: Allow me one time special permission to order, with my own money, the 4 canvas pads, and the 4 canvas tubes from Dick Blick art supply store. The same place that commissary orders from right now. I would send in the order through my counselor and pay with my own money. The company would send the special order here (In the name of whoever you say) then, after searched, be given to me. This option cost you all nothing and I prefer it above putting money back on my books. It will take a Wardens permission for this special one time order. P.S. I still have canvas in my box that I brought here from Pontiac in 1998 (I have inventory slip for it) but that has nothing to do with what was recently stolen.

EX#4
B#11

ILLINOIS DEPARTMENT OF CORRECTIONS
**OFFENDER'S GRIEVANCE**

| | | | |
|---|---|---|---|
| Date: 11-24-09 | Offender: (Please Print) Irving Ramey | | ID#: B00964 |
| Present Facility: Stateville C.C. | | Facility where grievance issue occurred: Stateville C.C. | |

**NATURE OF GRIEVANCE:**

☐ Personal Property  ☐ Mail Handling  ☐ Restoration of Good Time  ☐ Disability
☐ Staff Conduct  ☐ Dietary  ☒ Medical Treatment  ☐ HIPAA
☐ Transfer Denial by Facility  ☐ Transfer Denial by Transfer Coordinator  ☐ Other (specify): _____

☐ Disciplinary Report: ___/___/___  _____
  Date of Report  Facility where issued

Note:  Protective Custody Denials may be grieved immediately via the local administration on the protective custody status notification.

Complete: Attach a copy of any pertinent document (such as a Disciplinary Report, Shakedown Record, etc.) and send to:
  Counselor, unless the issue involves discipline, is deemed an emergency, or is subject to direct review by the Administrative Review Board.
  Grievance Officer, only if the issue involves discipline at the present facility or issue not resolved by Counselor.
  Chief Administrative Officer, only if EMERGENCY grievance.
  Administrative Review Board, only if the issue involves transfer denial by the Transfer Coordinator, protective custody, involuntary administration of psychotropic drugs, issues from another facility except personal property issues, or issues not resolved by the Chief Administrative Officer.

Brief Summary of Grievance: This is the third grievance that I am filing about my teeth. The First one was given to counselor Kevin Whittington, he did not respond to it. The second was given to counselor Harris. Her response was "Duplicate." I don't know what that means. About 2 years ago a dentist at this institution removed a tooth from the upper right side of my mouth. (second to last tooth) Once this tooth was removed, the tooth directly below it (lower right side of my mouth) began to grow up and to rise up into the empty space above it. The rising up of this tooth happened fast. This can clearly be seen in the many ——

Relief Requested: ① bring me to the dentist immediately to fill the
_____ (continued on back) ——>

☒ Check only if this is an EMERGENCY grievance due to a substantial risk of imminent personal injury or other serious or irreparable harm to self.

_Irving Ramey_  B00964  ___/___/___
Offender's Signature  ID#  Date

(Continue on reverse side if necessary)

| | **Counselor's Response (if applicable)** | |
|---|---|---|

Date Received: 12, 10, 09  ☐ Send directly to Grievance Officer  ☐ Outside jurisdiction of this facility. Send to Administrative Review Board, P.O. Box 19277, Springfield, IL 62794-9277

Response: According to Med. Records, Ramey is scheduled on 6-4-2010 for said dental work.

_K Rabideau CC2_  _K Rabideau CC2_  12,22,09
Print Counselor's Name  Counselor's Signature  Date of Response

| | **EMERGENCY REVIEW** | |
|---|---|---|

Date Received: 11,30,09  Is this determined to be of an emergency nature?  ☐ Yes; expedite emergency grievance
  ☐ No; an emergency is not substantiated. Offender should submit this grievance in the normal manner.

_____  11, 30, 09
Chief Administrative Officer's Signature  Date

Distribution: Master File; Offender  Page 1  DOC 0046 (Rev. 3/2005)
  Printed on Recycled Paper

X-rays that have been taken of my teeth since then. The tooth has raised up to the point where it is cutting into the gum above it. I can't completely close my mouth with out the tooth cutting into the gum above it. If any food gets caut on it while I'm eating, it autamatically causes pain to shoot through my mouth. This pain has been on going for more than a year. I was told about a year ago by them (people taking x-rays) that the tooth needed to be pulled, and would be pulled; but has not been pulled yet. What more can I do, will yall please pull this tooth it causes me pain everyday and has been doing so for a long time. Also, I have now developed a cavities that need to be filled. Every time cold air, or cold water or cold food hits these two teeth, pain shoots through my mouth. I have dropped many request to see the dentist in the medical box in the housing units with no resanse. In my last grievance about my teeth I put the tooth issue with other issues and marked the tooth issue as an emergency. The response stated its not an emergency.

(Relief continued) two teeth with cavities and pull this raised tooth.

EX#5

ILLINOIS DEPARTMENT OF CORRECTIONS
**OFFENDER'S GRIEVANCE**

| Date: 1-16-10 | Offender: (Please Print) Irving Romey | ID#: B00964 |
| Present Facility: Stateville C.C. | Facility where grievance issue occurred: Stateville C.C. |

**NATURE OF GRIEVANCE:**

☐ Personal Property     ☐ Mail Handling     ☐ Restoration of Good Time     ☐ Disability
☐ Staff Conduct     ☐ Dietary     ☒ Medical Treatment     ☐ HIPAA
☐ Transfer Denial by Facility     ☐ Transfer Denial by Transfer Coordinator     ☐ Other (specify): _Dental_

☐ Disciplinary Report: ____/____/____
           Date of Report           Facility where issued

**Note:** Protective Custody Denials may be grieved immediately via the local administration on the protective custody status notification.

**Complete:** Attach a copy of any pertinent document (such as a Disciplinary Report, Shakedown Record, etc.) and send to:
    **Counselor,** unless the issue involves discipline, is deemed an emergency, or is subject to direct review by the Administrative Review Board.
    **Grievance Officer,** only if the issue involves discipline at the present facility or issue not resolved by Counselor.
    **Chief Administrative Officer,** only if EMERGENCY grievance.
    **Administrative Review Board,** only if the issue involves transfer denial by the Transfer Coordinator, protective custody, involuntary administration of psychotropic drugs, issues from another facility except personal property issues, or issues not resolved by the Chief Administrative Officer.

**Brief Summary of Grievance:** This is my fourth grievance about my teeth, are you people crazy; I cant believe y'all are leaving me in all this pain and are refusing to come pull these two teeth or give me some thing for the constant pain. The first grievance I filed on my teeth was in May 09, while I was in segregation. Counselor Whitington did not respond at all. The second grievance I filed about this same teeth problem was 8-14-09. The response I got was one word "Duplicate". I don't know what that means but my teeth was in constant pain then and now. The next grievance I filed on my teeth was 11-24-09, the response →

**Relief Requested:** Come pull these two teeth right now and give me medication for the pain until you do     ( Continued on back →

☒ Check only if this is an EMERGENCY grievance due to a substantial risk of imminent personal injury or other serious or irreparable harm to self.

_Irving Romey_          B00964          1, 16, 10
     Offender's Signature            ID#           Date
        (Continue on reverse side if necessary)

---

**Counselor's Response (if applicable)**

Date Received: ____/____/____     ☐ Send directly to Grievance Officer     ☐ Outside jurisdiction of this facility. Send to Administrative Review Board, P.O. Box 19277, Springfield, IL 62794-9277

Response: _____

_____

_____

_____

_____

_____     _____     ____/____/____
Print Counselor's Name         Counselor's Signature         Date of Response

---

**EMERGENCY REVIEW**

Date Received: ____/____/____     Is this determined to be of an emergency nature?
    ☐ Yes; expedite emergency grievance
    ☐ No; an emergency is not substantiated. Offender should submit this grievance in the normal manner.

_____     ____/____/____
Chief Administrative Officer's Signature         Date

Printed on Recycled Paper

ILLINOIS DEPARTMENT OF CORRECTIONS
**OFFENDER'S GRIEVANCE** (Continued)

to that grievance was that they will fix/work on my teeth
6-4-2010 I can't believe this, are yall serious. I am in
constant pain. Any time I try to eat on either side of my
mouth pain shoots through my whole mouth. I have a bad tooth
on the lower right side of my mouth that needs to be pulled, and
a bad tooth on the upper left side of my mouth that needs to be
pulled since yall don't save teeth. Any time any food harder than
a peanut butter and jelly sandwich touches these two teeth it causes
me pain. I can't afford to keep only eating peanut butter and jelly
sandwiches. These teeth throb with pain all day. The last time
I was in this kind of pain was in the Cook County jail when
they pulled the tooth on the lower left side of my mouth. They
at least were giving me Ibuprofens 600 until they pulled the
tooth. The pain had gotten so bad that I was popping them every
15 minutes. This pain is getting like that. And I don't have any
pain medication. When that dentist pulled the tooth, he showed
me the black stuff around the root of the tooth. He told me that
that was the poision that was causing the pain. He said that if
he had not pulled the tooth when he did there is the chance
that the poision could have gotten in my blood stream and
possibly killed me. I don't know nothing about teeth. I know
I am in pain and need two teeth pulled. If the root of these
teeth are whats causing me this pain, the rot is not going
to go away by itself. Giving me a date of 6-4-2010 before
you come pull these teeth is outrageous and displays deliberate
indifference and negligence especially since you can look at
year old X-rays and see that one of these teeth have been in
this condition for more than a year. The other tooth that I
complained about in my last grievance is one that I thought had
a cavity, but the whole tooth is loose and is causing so much pain
that I feel pain all behind my left eye ball. We are on level
one lock down right now for reasons unrelated to me. Still, they are
running visits and also today they took Smith out of cell B-426
over to the health care unit. If they took him over their on
level one, they can take me over there to pull my teeth. I would
rather save these teeth if possible.

Ex # 6

ILLINOIS DEPARTMENT OF CORRECTIONS
**OFFENDER'S GRIEVANCE**

| Date: 3/30/2010 | Offender: (Please Print) Irving Ranley | ID#: B00904 |

Present Facility: Stateville Corr. Ctr.   Facility where grievance issue occurred: Stateville Corr. Ctr.

**NATURE OF GRIEVANCE:**

- ☐ Personal Property
- ☐ Staff Conduct
- ☐ Transfer Denial by Facility
- ☐ Mail Handling
- ☐ Dietary
- ☐ Transfer Denial by Transfer Coordinator
- ☐ Restoration of Good Time
- ☒ Medical Treatment
- ☐ Disability
- ☐ HIPAA
- ☐ Other (specify): _____

☐ Disciplinary Report: ____/____/____
Date of Report          Facility where issued

**Note:** Protective Custody Denials may be grieved immediately via the local administration on the protective custody status notification.

**Complete:** Attach a copy of any pertinent document (such as a Disciplinary Report, Shakedown Record, etc.) and send to:

Counselor, unless the issue involves discipline, is deemed an emergency, or is subject to direct review by the Administrative Review Board.
Grievance Officer, only if the issue involves discipline at the present facility or issue not resolved by Counselor.
Chief Administrative Officer, only if EMERGENCY grievance.
Administrative Review Board, only if the issue involves transfer denial by the Transfer Coordinator, protective custody, involuntary administration of psychotropic drugs, issues from another facility except personal property issues, or issues not resolved by the Chief Administrative Officer.

**Brief Summary of Grievance:** I had previously filed 4 grievances about a tooth that was causing me pain daily by cutting into the gum above it. On March 8, 2010 I was called over to dental for the removal of a tooth, number 31. That is the tooth that was cutting into the gum above it. The assistant named Loretta took several x-rays of my mouth and brought the dentist the needles and pliers, etc... ~~After the dentist shot me 3 times in~~ that he needed, the dentist called the tooth extremely erupted. After the dentist shot me 3 times in the gums to numb the tooth I waited almost 30 minutes before he began to pull the tooth. He put a suction device in my mouth to suck up the blood and saliva but it wasn't (continued on back)→

**Relief Requested:** ① give dental assistant any and all of the exact supplies she orders, and ② transfer me to Dixon institution permanent placement. ③ And start saving teeth instead of pulling all bad teeth. ④ give me the

☐ Check only if this is an EMERGENCY grievance due to a substantial risk of imminent personal injury or other serious or irreparable harm to self.

_____    _____    ____/____/____
Offender's Signature          ID#          Date

(Continue on reverse side if necessary)

| **Counselor's Response** (if applicable) | | |

Date Received: 3, 29, 10   ☐ Send directly to Grievance Officer   ☐ Outside jurisdiction of this facility. Send to Administrative Review Board, P.O. Box 19277, Springfield, IL 62794-9277

**Response:** According to Dental Clinic and Med Records, Ranley was scheduled to be seen 4-14-10 but was a 'no-show' so has been rescheduled for August 2010, per Dr. Fishman and Loretta Morris.

K Rabideau CC2          K Rabideau CC2   5, 3, 10
Print Counselor's Name          Counselor's Signature   Date of Response

| **EMERGENCY REVIEW** | | |

Date Received: ____/____/____   Is this determined to be of an emergency nature?
- ☐ Yes; expedite emergency grievance
- ☐ No; an emergency is not substantiated. Offender should submit this grievance in the normal manner.

_____          ____/____/____
Chief Administrative Officer's Signature          Date

Distribution: Master File; Offender          Page 1          DOC 0046 (Rev. 3/2005)

Printed on Recycled Paper

ILLINOIS DEPARTMENT OF CORRECTIONS
**OFFENDER'S GRIEVANCE** (Continued)

working right because it had the wrong nozzle on it. My throat was partially numb and closed off from the shot and I could barely swallow. While the dentist was cracking and twisting the tooth blood and saliva were filling my mouth and ~~effect~~ choking me; I couldn't swallow. The dentist was telling Loretta that she was using/had given him the wrong nozzle on the suction device and its not draining the blood. She said these are the ones they sent me. She changed the nozzles but each one was wrong; mean while I was choking and couldn't ~~breath~~ breave. The doctor told Loretta to forget it ( I assumed he meant stop trying to put on the wrong nozzles since they had not sent her the correct one) So I choked for almost a minute on my own blood and saliva while he cracked and then pulled out the tooth. Once the tooth was out he immediately pulled out a bridge on the other side of my mouth that he had put there to hold my mouth open. Then I could close my mouth and force my self to swallow. Both the dentist and the assistant were negligent in not having the proper suction tools necessary to keep me from gagging and choking on my own blood. They were deliberately indifferent to my choking and I guess they assumed that almost a minute of chocking on my own blood was O.K. since they would be done quickly and then I could close my mouth and swallow.

Relief continued :
full names of the dentist that pulled my tooth and the full name of the dental assistant Loretta. Allot Stateville all the equipment and medicine it needs to start saving teeth

Pursuant to 28 U.S.C 1746, 18 USC 1621 or 735 ILCS 5/109, I declare, under penalty of perjury, that I am the named party in the above action, that I have carefully read this grievance, and that the statements made herein are true and correct to the best of my knowledge.
Date: 3/30/2010

*[signature]*

ILLINOIS DEPARTMENT OF CORRECTIONS
**RESPONSE TO COMMITTED PERSON'S GRIEVANCE**

| Grievance Officer's Report | | |
|---|---|---|

**Date Received:** May 10, 2010          **Date of Review:** June 2, 2010          **Grievance #** (optional): 1173

**Committed Person:** Irving Ramey                                          **ID#:** B00964

**Nature of Grievance:** Medical-dental

Filed Timely

**Facts Reviewed:** Grievant alleges he was having his tooth pulled, and heard the dentist tell the assistant that the wrong size suction device was being used. States he was choking on his own blood and saliva until the procedure was over.

Counsieor response: According to Dental Clinic and Med. Records, Ramey was scheduled to be seen 4-14-10 but was a "no-show, so has been rescheduled for August 2010, per Dr. Fishman and Loretta Morris.

Grievance Officer finds counselor addressed the issue. Copy of this grievance will be forwarded to the dental clinic to assure proper size equpment is being used during procedures. No additional action necessary.

**Recommendation:** Grievance mixed, copy to be sent to dental clinic, no transfer.

Margaret Thompson                                          *Margaret Thompson*
_____                                   _____
Print Grievance Officer's Name                            Grievance Officer's Signature
**(Attach a copy of Committed Person's Grievance, including counselor's response if applicable)**

| Chief Administrative Officer's Response | | |
|---|---|---|

**Date Received:** 6/22/10          ☑ I concur          ☐ I do not concur          ☐ Remand

**Comments:**

*M. Hardy*                                    Lo                          6/22/10
_____                                                  _____
Chief Administrative Officer's Signature                                 Date

| Committed Person's Appeal To The Director | | |
|---|---|---|

I am appealing the Chief Administrative Officer's decision to the Director. I understand this appeal must be submitted within 30 days after the date of the Chief Administrative Officer's decision to the Administrative Review Board, P.O. Box 19277, Springfield, IL 62794-9277. (Attach a complete copy of the original grievance, including the counselor's response, if applicable, and any pertinent documents.)

_____                    _____          _____
Committed Person's Signature                      ID#                       Date



Illinois
Department of
Corrections

**PAT QUINN**
Governor

**MICHAEL P. RANDLE**
Director

1301 Concordia Court / P.O. Box 19277 / Springfield IL 62794-9277 / Telephone: (217) 558-2200 / TDD: (800) 526-0844

August 30, 2010

Irving Ramey
Register No. B00964
Stateville Correctional Center

Dear Mr. Ramey:

This is in response to your grievance received on July 7, 2010, regarding Medical (dental staff used the wrong size suction during procedure), which was alleged to have occurred at Stateville Correctional Center. This office has determined the issue will be addressed without a formal hearing.

Offender Ramey states that due to the dental staff using the wrong size suction during a procedure he was choking on his own blood and saliva.

The Grievance Officer's Report (1173) and subsequent recommendation dated June 2, 2010 and approval by the Chief Administrative Officer on June 22, 2010 have been reviewed.

This office contacted Stateville Correctional Center healthcare staff indicated Offender Ramey was seen by dental on March 8, 2010. He was a no show for his appointment on April 14, 2010. Offender Ramey's appointment for June was re-scheduled due to a lockdown and he was again a no show for August appointment. He is scheduled to be seen again in November.

Based on a total review of all available information, it is the opinion of this office that the issue was appropriately addressed by the institutional administration. It is, therefore, recommended the grievance be denied. It appears Offender Ramey received dental care for his issue. Offender Ramey has failed to attend two dental appointments in order to receive follow-up care since the procedure on March 8, 2010.

FOR THE BOARD: _____
Sarah Johnson
Administrative Review Board
Office of Inmate Issues

CONCURRED: _____
Michael P. Randle
Director

9/3/10

cc: Warden Kenneth Osborne, Stateville Correctional Center
Irving Ramey, Register No. B00964

EX #9

| Date | Service Rendered | D.D.S. Signature | Date | Service Rendered | D.D.S. Signature |
|---|---|---|---|---|---|
| 5-24-02 | Pt Sched for Ext. Had tooth pulled | | | | |
| 4-25-02 | Needs Impr. Upper & lower aline dentx Pt PR-62 N-V half | | | | |
| 7-12-02 | Pt dot and adj. Some N V C-Scale on Lst | | | | |
| 10-3-02 | Pt Given mouthly exam Pt PR Contract 24 hours Nxt 2 hours to Pt Em Benefit Calls Ph | | | | |
| 3/25/04 | Patient C/O Gum NV nasal area + O/B | | | | |
| 3/14/04 | **DENTAL EXAM** DAI Given NV general dental O/cloco | | | | |

DC-7126 (Rev. 10/87)
IL426-0018

EX #9

| Date | Service Rendered | D.D.S. Signature | Date | Service Rendered | D.D.S. Signature |
|---|---|---|---|---|---|
| | | | | | |

DC-7126 (Rev. 10/87)
IL 426-0018

EX# 9

| Date | Service Rendered | D.D.S. Signature | Date | Service Rendered | D.D.S. Signature |
|---|---|---|---|---|---|
| 9/18/67 | Contact this C. | | | | |
| 1/14/10 | (w/ x-ray) (operator) | | | | |
| 1/14/10 | | | | | |
| 8/4/10 | Mr. Shen | 8/4/10 | | | |

DC 7126 (Rev. 10/87)
IL 426-0018

EX# 9



| Date | Service Rendered | D.D.S. Signature | Date | Service Rendered | D.D.S. Signature |
|---|---|---|---|---|---|
| 9/22/09 | | | | | |
| | | | | | |
| | 10/20/09 | | | | |
| | | | | | |
| | | | | | |
| 12/16/05 | | | | | |
| 3/1/10 | REVIEW OF CHART | | | | |
| | EXP MOLAR #15 - EXTRACTION | | | | |
| 2/9/10 | | | 5/6/10 | | |

## STATE OF ILLINOIS — DEPARTMENT OF CORRECTIONS

EX#9

Inmate/Student Name _Ramos, I. Paul_
Inmate/Student I.D.# _B00904_
Reception Facility _Statedville_

Panorex _____

Screening _____
DDS sig _____

Public Health Classification Screening Dates

☐ Schedule immediately at R&C
☐ Schedule routine exam at receiving institution
☐ Schedule immediately at receiving institution

Pathology

Prosthetic _____
Operative _____
Periodontics _____
Oral Surgery _____
Endodontics _____

Receiving Inst. _____
Dentist _____
Date _3/11/06_

### MEDICAL HISTORY AND REMARKS

| | Yes | No | Current Medication |
|---|---|---|---|
| Cardio Vascular Disease | | ✓ | |
| Pulmonary Disease/Asthma | ✓ | | |
| Diabetes | | ✓ | |
| Epilepsy | | ✓ | |
| Hepatitis | | ✓ | |
| V.D. (Type | | ✓ | |
| Allergies (Type ___ | | | |

Smokes ✓ NKDA

### ADULT

### EXISTING RESTORATIONS & MISSING TEETH

R
1 2 3 4 5 6 7 8 9 10 11 12 13 14 15 16
L

### JUVENILE

Existing Restorations and Missing Teeth

R _____ L

### TREATMENT NEEDED - COMPLETED RESTORATIONS

Existing Restorations and Missing Teeth

Treatment Needed and Completed Restorations

R _____ L

32 31 30 29 28 27 26 25 24 23 22 21 20 19 18 17
1 2 3 4 5 6 7 8 9 10 11 12 13 14 15 16

3/11/06

# STATE OF ILLINOIS — DEPARTMENT OF CORRECTIONS

EX#1

6

Inmate/Student Name _Ramos Ruiz, I_

Inmate/Student I.D.# _B00704_

Reception Facility _Stateville C.C._

Panorex _____

□ Screening
   DDS sig _____

**Public Health Classification Screening Dates**

| | |
|---|---|
| Endodontics | |
| Oral Surgery | |
| Periodontics | |
| Operative | |
| Prosthetic | |

□ Schedule immediately at R&C

□ Schedule routine exam at
   receiving institution

□ Schedule immediately at
   receiving institution

Pathology

Receiving Inst. _____

Dentist _____

Date _3/1/06_

## MEDICAL HISTORY AND REMARKS

| | Yes | No | Current Medication |
|---|---|---|---|
| Cardio Vascular Disease | | ✓ | |
| Pulmonary Disease/Asthma | | ✓ | |
| Diabetes | | ✓ | |
| Epilepsy | | ✓ | |
| Hepatitis | | ✓ | |
| HIV Type | | | |
| Allergies (Type | NKDA | | |

## EXISTING RESTORATIONS & MISSING TEETH

R

1 2 3 4 5 6 7 8 9 10 11 12 13 14 15 16

32 31 30 29 28 27 26 25 24 23 22 21 20 19 18 17

L

## TREATMENT NEEDED · COMPLETED RESTORATIONS

1 2 3 4 5 6 7 8 9 10 11 12 13 14 15 16

3/1/06

32 31 30 29 28 27 26 25 24 23 22 21 20 19 18 17

### JUVENILE

Existing Restorations and
Missing Teeth

R      L

Treatment Needed and
Completed Restorations

R      L