Order Form (01/2005)

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | JAMES B. ZAGEL | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 11 C 0294 | **DATE** | 7/12/2011 |
| **CASE TITLE** | Irving Ramey (#B-00964) vs. Anthony Ramos, et al. | | |

**DOCKET ENTRY TEXT:**

The plaintiff's motion for leave to amend [#27] is granted. The clerk is directed to: (1) file the amended complaint; (2) terminate Christine Luce, Loretta Morse, and "Jane Doe Dentist" as defendants pursuant to the amended complaint and Fed. R. Civ. P. 15(a); (3) terminate Wexford Health Source, Inc., as a defendant pursuant to 28 U.S.C. § 1915A; (4) add LeDeanne Fattore-Bruno and Jacqueline Mitchell-Lawshea as defendants; and (5) issue summonses for service on defendants Fattore-Bruno and Mitchell-Lawshea by the U.S. Marshal. Defendants Ramos, Hardy and Fischman are directed to answer or otherwise respond to the amended complaint within twenty-one days of the date of this order.

■ **[For further details see text below.]**                    **Docketing to mail notices.**

## STATEMENT

The plaintiff, a state prisoner, has brought this *pro se* civil rights action pursuant to 42 U.S.C. § 1983. The plaintiff claims that the defendants, correctional officials and dental professionals at the Stateville Correctional Center, violated the plaintiff's constitutional rights by acting with deliberate indifference to his serious medical needs. More specifically, the plaintiff alleges that despite numerous grievances and escalating pain, a needed tooth extraction was delayed; the plaintiff also challenges the quality of the procedure once it was finally performed.

The plaintiff's motion for leave to amend is granted. The plaintiff now identifies the dentists who provided the allegedly deficient care and drops as defendants the dental assistants and "Jane Doe." The amended complaint passes muster under 28 U.S.C. § 1915A.

However, Wexford Health Source, Inc., is dismissed as a defendant on preliminary review. The doctrine of *respondeat superior* (blanket supervisory liability) does not apply to actions filed under 42 U.S.C. § 1983. *See, e.g., Kinslow v. Pullara,* 538 F.3d 687, 692 (7th Cir. 2008). Section 1983 does not create collective or vicarious responsibility. *Id.* The plaintiff states no facts supporting liability on the part of Wexford; to the contrary, he maintains that the defendants breached Wexford policy.

**(CONTINUED)**

| | mjm |
|---|---|

The clerk shall issue summonses forthwith for service of the amended complaint on new defendants LeDeanne Fattore-Bruno and Jacqueline Mitchell-Lawshea. Any service forms necessary for the plaintiff to complete will be sent by the Marshal as appropriate to serve the defendants with process. The U.S. Marshal is directed to make all reasonable efforts to serve the defendants. If either defendant can no longer be found at the work address provided by the plaintiff, the Illinois Department of Corrections and or Wexford Health Source, Inc., shall furnish the Marshal with the defendant's last-known address. The information shall be used only for purposes of effectuating service [or for proof of service, should a dispute arise] and any documentation of the address shall be retained only by the Marshal. Address information shall not be maintained in the court file, nor disclosed by the Marshal. The Marshal is authorized to mail a request for waiver of service to the defendants in the manner prescribed by Fed. R. Civ. P. 4(d)(2) before attempting personal service.