Order Form (01/2005)

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | JAMES B. ZAGEL | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 11 C 0294 | **DATE** | MAR 1 2 2012 |
| **CASE TITLE** | Irving Ramey (#B-00964) vs. Anthony Ramos, et al. | | |

**DOCKET ENTRY TEXT:**

Defendant Fattore-Bruno's motion for summary judgment [#59] is granted. Fattore-Bruno is dismissed as a defendant pursuant to 42 U.S.C. § 1997e(a) in light of the plaintiff's failure to exhaust administrative remedies concerning Fattore-Bruno's treatment. Defendant Mitchell-Lawshea is directed to enter an appearance and to respond to the complaint within twenty-one days of the date of this order, on pain of default.

■ [For further details see text below.]   Docketing to mail notices.

## STATEMENT

The plaintiff, an Illinois state prisoner, has brought this *pro se* civil rights action pursuant to 42 U.S.C. § 1983. The plaintiff claims that the defendants, correctional officials and dental professionals at the Stateville Correctional Center, violated the plaintiff's constitutional rights by acting with deliberate indifference to his serious medical needs. More specifically, the plaintiff alleges that despite numerous grievances and escalating pain, a needed tooth extraction was delayed; he also challenges the quality of the procedure once it was finally performed. This matter is before the court for ruling on defendant Fattore-Bruno's motion for summary judgment on grounds of non-exhaustion. For the reasons stated in this order, the motion is granted.

On December 20, 2011, the court granted the defendant's motion to deem facts admitted in light of the plaintiff's failure to file a proper response in accordance with Local Rule 56.1 (N.D. Ill.). The plaintiff, in any event, concedes the following essential facts:

Defendant Fattore-Bruno was employed to provide dental services at the Stateville Correctional Center from October 1, 2007, to March 15, 2009. In that capacity, Fattore-Bruno saw the plaintiff once, on March 13, 2008, for a two-year exam. Fattore-Bruno had no further contact with the plaintiff after that date. The plaintiff did not file a grievance concerning Fattore-Bruno's treatment.

The Prison Litigation Reform Act of 1996 [hereinafter, the "PLRA"] contains a comprehensive administrative exhaustion requirement. Under that statute, "[n]o action shall be brought with respect to prison

**(CONTINUED)**

mjm

| STATEMENT (continued) |
|---|

conditions . . . by a prisoner . . . until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). *See Massey v. Wheeler*, 221 F.3d 1030, 1034 (7th Cir. 2000); *Booth v. Churner*, 531 U.S. 956 (2001). "[I]f a prison has an internal administrative grievance system through which a prisoner can seek to correct a problem, then the prisoner must utilize that administrative system before filing a claim under Section 1983." *Massey v. Helman*, 196 F.3d 727, 733 (7th Cir. 1999); *Smith v. Zachary*, 255 F.3d 446, 450 (7th Cir. 2001).

An inmate must comply with the rules established by the State with respect to the form and timeliness of grievances. *Pozo v. McCaughtry*, 286 F.3d 1022, 1023-25 (7th Cir. 2002) (where prisoner failed to avail himself of the administrative grievance process in a timely manner, he was barred from pursuing relief in federal court). In order to exhaust, a prisoner "must take all steps prescribed by the prison's grievance system." *Ford v. Johnson*, 362 F.3d 395, 397 (7th Cir. 2001). Because the plaintiff admittedly failed to file a grievance against Fattore-Bruno, she is entitled to judgment as a matter of law. Accordingly, Fattore-Bruno is dismissed as a defendant pursuant to 42 U.S.C. § 1997e(a).

As an additional concern, a review of the court's docket reflects that defendant Jacqueline Mitchell-Lawshea has never entered an appearance or responded to the complaint. Mitchell-Lawshea's request for representation in September 2011 was stricken pursuant to the court's Minute Entry of September 19, 2011, as the confidential document was mistakenly filed with the court. Since that time, neither the Attorney General nor Heyl, Royster, Voelker & Allen has entered an appearance for Mitchell-Lawshea. Mitchell-Lawshea is therefore facing default. The appropriate defense counsel is directed to enter an appearance for Mitchell-Lawshea, and to file a responsive pleading within twenty-one days of the date of this order.